IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

ZACHARY ALT,                       )
                                   )
       Plaintiff,                  )   2:11cv468
                                   )   Electronic Filing
vs.                                )
                                   )   Judge David S. Cercone
THOMAS SHIREY, WALT                )   Magistrate Judge Lisa Pupo Lenihan
HANSLIK, SAM ALBERT, MIKE          )
RIZZO, and HIGHLANDS               )
SCHOOL DISTRICT,                   )
                                   )   Re: ECF No. 19
       Defendants.                 )

## MEMORANDUM ORDER

Plaintiff's Complaint was received by the Clerk of Courts on April 4, 2011 and was referred to Chief United States Magistrate Judge Lisa Pupo Lenihan for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrate Judges.

The Magistrate Judge's Report and Recommendation (ECF No. 24) filed on February 7, 2012, recommended that the Motion to Dismiss filed by all Defendants at ECF No. 19 be granted in part and denied in part. Service was made on all counsel of record. The parties were informed that in accordance with the Magistrate Judge's Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Federal Rule of Civil Procedure 72(b)(2), and Local Rule of Court 72.D.2., the parties had fourteen (14) days from the date of service to file objections to the Amended Report and Recommendation. Plaintiff filed timely objections; Defendants filed no objections.

Plaintiff's objections are directed to the Magistrate Judge's recommendation that Plaintiff's special relationship claim be dismissed. Plaintiff relies on a case from the United States District Court for the Western District of Michigan for his argument that the special

relationship theory is triggered not only by circumstances of "incarceration" and "institutionalization," but also by "dependence" and "restraint." (Plaintiff's Objections, ECF No. 25 at 2-4 (discussing *Waechter v. Sch. Dist. No. 14-030 of Cassopolis, Mich.*, 773 F. Supp. 1005 (W.D. Mich. 1991)). Plaintiff contends that because Defendants placed him onto the playing field in an impaired and incapacitated condition, he was unable to care for himself in that he lacked the wherewithal to walk off the field, obtain medical care, and otherwise provide for his own safety. The Court is not persuaded by the *Waechter* court's analysis and is not bound by it. Instead, the Court is bound by precedent from the United States Court of Appeals for the Third Circuit which has repeatedly held that there is no "special relationship" between school officials and their students. *Black by Black v. Indiana Area Sch. Dist.*, 985 F.2d 707 (3d Cir. 1993) (discussing *D.R. by L.R. v. Middle Bucks Area Vocational Tech. Sch.*, 972 F.2d 1364 (3d Cir. 1992)). This Court may not expand the "special relationship" theory beyond the parameters outlined by the court of appeals. Of course, Plaintiff may still avail himself of the other substantive due process theories that he has adequately pled in his Second Amended Complaint.

After review of the pleadings, Plaintiff's objections, and the documents in the case, together with the Report and Recommendation, the following Order is entered:

AND NOW, this 1ST day of ~~February~~ March, 2012,

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss at ECF No. 19 is **GRANTED IN PART AND DENIED IN PART.** Defendants' motion is **DENIED WITH PREJUDICE** in all respects except as it relates to the following 1) the special relationship claim as to all defendants; 2) the equal protections claim as to all defendants; and 3) the state action issue as it concerns Defendant Rizzo. Defendants' Motion to Dismiss Defendant Rizzo is **DENIED WITHOUT PREJUDICE,** and Plaintiff shall have 30 days from the date of this

2

Order to filed an Amended Complaint setting forth facts in support of his contention that Defendant Rizzo is a state actor for purposes of 42 U.S.C. § 1983. If Plaintiff fails to file a curative amendment within the time allowed, Plaintiff's claims against Defendant Rizzo will be dismissed.

**IT IS FURTHER ORDERED** that the Report and Recommendation (Doc. No. 24) of Magistrate Judge Lenihan, dated February 7, 2012, is adopted as the Opinion of the Court.

David Stewart Cercone
United States District Judge

cc: D. Aaron Rihn, Esquire
Robert F. Daley, Esquire
Robert N. Pierce, III, Esquire
Scott M. Simon, Esquire
Joseph L. Luvara, Esquire
Ira Weiss, Esquire

*(Via CM/ECF Electronic Mail)*